IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM L. CENTERS, Plaintiff, | ) | |
| v. | ) | No. 05-591C (Judge Baskir) |
| THE UNITED STATES, Defendant. | ) | |

CONSOLIDATED STATEMENT
OF UNCONTROVERTED FACTS

Pursuant to the Court's special procedure order, the parties respectfully file this Consolidated Statement Of Uncontroverted Facts.

1. **On January 18, 1989, Centennial Mortgage, Inc. ("Centennial") entered into a Building Loan Agreement with developers (the "Developers") to renovate a motel into a residential care facility in Lake County, Indiana (the "Project"). Under the terms of the Building Loan Agreement, Centennial loaned the Developers $2.27 million for construction of the Project (the "Loan"). The Loan was evidenced by a note ("Note") executed by the Developers and endorsed by the United States Department of Housing and Urban Development ("HUD"), which Note was secured by a mortgage/deed of trust ("Mortgage") on the Project. Compl. ¶ 6.** [Submitted by Plaintiff]. For the limited purpose of the Court's

consideration of defendant's motion to dismiss, defendant agrees that plaintiff has alleged the facts set forth and does not contest those facts.

2. **HUD insured the Loan pursuant to Section 232 of the National Housing Act, 12 U.S.C. § 1715w, and HUD prescribed the form of the Building Loan Agreement, Note, Mortgage and related documents pertaining to the Loan. HUD's endorsement of the Note created a contract of insurance between HUD and Centennial. Compl. ¶ 7**. [Submitted by Plaintiff]. For the limited purpose of the Court's consideration of defendant's motion to dismiss, defendant agrees that plaintiff has alleged the facts set forth and does not contest those facts.

3. **HUD required the general contractor for the Project to provide $237,760.20, or a letter of credit in lieu thereof, as security against default. When the general contractor was unable to do so, David Blumenfeld, a principal of one of the Developers, caused a letter of credit to be issued in that amount (the "Letter of Credit"). The general contractor executed a HUD-prescribed Completion Assurance Agreement ("CAA") with Centennial that authorized Centennial to draw on the Letter of Credit in certain circumstances. Compl. ¶ 8.** HUD was not a party to the CAA. [Submitted by Plaintiff]. For the limited purpose of the Court's consideration of defendant's motion to dismiss,

defendant agrees that plaintiff has alleged the facts set forth and does not contest those facts.

4. **The Developers defaulted on the Loan, and Centennial notified HUD of the default by letter dated December 31, 1991. (Appendix to Joint Preliminary Status Report ("App.") at 1).** [Submitted by Plaintiff]. For the limited purpose of the Court's consideration of defendant's motion to dismiss, defendant agrees that plaintiff has alleged the facts set forth and does not contest those facts.

5. **Pursuant to the contract of insurance, 24 C.F.R. § 207.258(b)(iv), the undrawn balance on the Letter of Credit was either to be retained by Centennial or to be delivered to HUD in accordance with instructions issued by HUD at the time the insurance claim is filed. Compl. ¶ 12. Centennial inquired, in a December 31, 1991 letter to HUD, "Please advise whether your office would prefer that we draw on the letter of credit, or assign it to HUD." App. 1. In January 1992, HUD responded to Centennial and stated "We suggest you draw on the letter of credit. However, this must be your decision. Please be advised that in the event of an insurance claim to FHA, HUD will deduct the $237,700 secured by the letter of credit from your claim." App. 2; Compl. ¶ 9.** [Submitted by Plaintiff]. For the limited purpose of the

Court's consideration of defendant's motion to dismiss, defendant agrees that plaintiff has alleged the facts set forth and does not contest those facts.

6. **Centennial subsequently filed a mortgage insurance claim with HUD and assigned the Loan to HUD as of July 30, 1992. Compl. ¶ 0.** [Submitted by Plaintiff]. For the limited purpose of the Court's consideration of defendant's motion to dismiss, defendant agrees that plaintiff has alleged the facts set forth and does not contest those facts.

7. **On July 31, 1992, the general contractor and Mr. Blumenfeld filed an Indiana state-court action against Centennial, seeking to enjoin Centennial from drawing on the Letter of Credit. The trial court denied the injunction. HUD was not a party to this action. Compl. ¶ 11; App. 15.** [Submitted by Plaintiff]. For the limited purpose of the Court's consideration of defendant's motion to dismiss, defendant agrees that plaintiff has alleged the facts set forth and does not contest those facts.

8. **Centennial then drew $212,105.26 on the Letter of Credit. Compl. ¶ 12. [Submitted by Plaintiff].** For the limited purpose of the Court's consideration of defendant's motion to dismiss, defendant agrees

that plaintiff has alleged the facts set forth and does not contest those facts.

9. **On December 6, 1993, HUD paid Centennial $1,851,095.11 of the $2,158,197.72 that Centennial sought under its contract of insurance. Among the reductions HUD made to Centennial's insurance claim was the $212,105.26 drawn on the Letter of Credit. Compl. ¶ 12; App. 3.** [Submitted by Plaintiff]. For the limited purpose of the Court's consideration of defendant's motion to dismiss, defendant agrees that plaintiff has alleged the facts set forth and does not contest those facts.

10. **In August 1995, Mr. Blumenfeld filed an amended complaint in Indiana state court against Centennial alleging breach of contract and conversion for drawing on the Letter of Credit for an improper purpose. Five years thereafter, following a trial in February 2000, the jury awarded Mr. Blumenfeld $120,000, representing a portion of the amount drawn on the Letter of Credit, plus pre-judgment and post-judgment interest. Five years thereafter, following a trial in February 2000, the jury awarded Mr. Blumenfeld $120,760, representing a portion of the amount drawn on the Letter of Credit. The trial court then entered judgment for $193,891 against Centennial,**

**which included the damage award, prejudgment interest, and costs of the litigation. Compl. ¶¶ 13, 14.** [Submitted by Plaintiff]. For the limited purpose of the Court's consideration of defendant's motion to dismiss, defendant agrees that plaintiff has alleged the facts set forth and does not contest those facts.

11. **On or about March 8, 2000 (after the Indiana jury verdict but before the appeal), Centennial filed a request with HUD to supplement or amend its insurance claim to compensate for the Indiana state court judgment. Centennial also sought reimbursement of its legal fees and expenses of approximately $28,000. HUD denied Centennial's request by letter dated June 7, 2000. Centennial continued requesting payment from HUD from 2000 through 2003. By letters dated June 23, 2003 and December 20, 2003, HUD again denied Centennial's request for a supplemental payment. Compl. ¶ 15.** [Submitted by Plaintiff]. For the limited purpose of the Court's consideration of defendant's motion to dismiss, defendant agrees that plaintiff has alleged the facts set forth and does not contest those facts.

12. **Until August 1, 2000, Mr. Centers was the President and sole shareholder of Centennial. At that time, Mr. Centers sold all the outstanding stock in Centennial to Matthew T. Kane. Under the terms**

**of the sale, Centennial distributed to Mr. Centers, prior to closing, all of its assets and properties including the claim asserted in this action. Compl. ¶ 5.** See Centers v. Centennial Mortgage, Inc., 398 F.3d 930 (7th Cir. 2005). [Submitted by Plaintiff]. For the limited purpose of the Court's consideration of defendant's motion to dismiss, defendant agrees that plaintiff has alleged the facts set forth and does not contest those facts.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRIAN M. SIMKIN,
Assistant Director

/s/John S. Groat
JOHN S. GROAT
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tele: (202) 514-4325/166-8260
Fax: (202) 514-7965
jack.groat@usdoj.gov

Of Counsel:
William Lane
Department of Housing and
Urban Development
Attorneys for Defendant

/s/ Steven D. Gordon
STEVEN D. GORDON
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
Phone: (202) 955-3000
Facsimile: (202) 955-5564
steven.gordon@hklaw.com
Counsel for Plaintiff

April 7, 2006

CERTIFICATE OF FILING

I hereby certify that on April 7, 2006, a copy of foregoing CONSOLIDATED STATEMENT OF UNCONTROVERTED FACTS was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/ s/John S. Groat